*Tagged opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on August 25, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourt.gov

In re:

DOMENICO DI CAMPO FALCHINI,

    Debtor.
_____/

CASE NO.: 24-10973-LMI
Chapter 13

**ORDER GRANTING VULCAN ARMS, LLC'S MOTION FOR SUMMARY JUDGMENT REGARDING INFRINGEMENT**

This matter came before this Court on June 17, 2025 (the "Hearing") on Creditor Vulcan Arms, LLC's ("Creditor" or "Vulcan Arms") *Motion for Summary Judgment Regarding Infringement* (ECF #140) (the "Motion"). The Court has considered the Motion, the Response[1]

---

[1] *Debtor's Response to Creditor Vulcan Arms, LLC's "Vulcan Arms, LLC's Motion for Summary Judgment Regarding Debtor's Personal Liability" ECF #138); "Vulcan Arms, LLC's Motion for Summary Judgment Regarding Trademark Infringement Damages" (ECF #139); and "Vulcan Arms, LLC's Motion for Summary Judgment Regarding Infringement " (ECF #140) and Incorporated Motion to Strike* (ECF #147) (the "Response").

filed by the Debtor Domenico Di Camp Falchini (the "Debtor" or "Falchini"), the Creditor's Reply[2] as well as the arguments presented during the Hearing. Based on the foregoing, and the reasons set forth herein, the Creditor's Motion is **GRANTED**.

The Debtor filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code on January 31, 2024. At the time the bankruptcy case was filed, the Debtor and the Creditor were embroiled in trademark infringement litigation before the United States District Court for the Northern District of Texas (the "District Court Litigation").[3] The Creditor filed a proof of claim[4], initially in an unspecified amount, but amended to $43,165,425.38 in damages (the "Claim") based on Debtor's personal liability for trademark infringement by companies that he owned. Debtor objected to the Claim[5] as not enforceable against Debtor individually and speculative in nature. The Creditor filed three motions for summary judgment – one with respect to infringement, one with respect to the Debtor's personal liability for the infringement, and one for damages caused by the alleged infringement. This Order will address the motion for summary judgment regarding infringement.[6]

Summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a)[7]; *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

---

[2] *Creditor Vulcan Arms, LLC's Reply to Debtor's [Consolidated] Response (ECF #147) to Creditor Vulcan Arms, LLC's Motions for Summary Judgment Regarding Debtor's Personally Liability (ECF #138), Damages (ECF #139), and Infringement (ECF #140) [sic]* (ECF #148) (the "Reply").
[3] *Vulcan Arms, LLC v. Prepcision, LLC, et al.*, Case No. 3:22-cv-00729-L (N.D. Tex.) (the "Lawsuit").
[4] Claim No. 3-2.
[5] Amended Objection to Amended Claim on Shortened Notice (ECF #100).
[6] The Court has already denied Vulcan Arms, LLC's Motion for Summary Judgment Regarding Trademark Infringement Damages (ECF #139). *See Order Denying Vulcan Arms, LLC's Motion for Summary Judgment Regarding Trademark Infringement Damages* (ECF #180). A separate order addresses Vulcan Arms, LLC's Motion for Summary Judgment Regarding Debtor's Personal Liability (ECF #138).
[7] Made applicable to this case by Fed. R. Bankr. P. 7056.

Case 24-10973-LMI    Doc 193    Filed 08/26/25    Page 3 of 4

CASE NO.: 24-10973-LMI

judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is "no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249-50. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonable find for the [non-moving party]." *Id*. at 252.

In this case there is no disputed issue of material fact regarding infringement because the Debtor admitted that his company Pilotnavia, LLC d/b/a Prepcision, LLC (the "Company") infringed the Creditor's rights in its two asserted trademarks. In his consolidated response to Creditor's Motion the Debtor stated that "the summary judgment proof establishes only that the Company infring[ed]. (ECF #147, ¶25) (emphasis in original). The Debtor conflated the concept of the Debtor's alleged *personal liability* for the Company's infringement with the Company's infringement.

At the Hearing, the Debtor's attorney argued that the Debtor should not be bound by his attorney's admission. In view of the facts before it, the Court finds the Debtor's argument unpersuasive and that the Debtor is bound by his judicial admission that his Company infringed.

As a general rule " a party is bound by the admissions in his pleadings." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 718 (11th Cir. 2011) (quoting *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983)); *see also City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (A court "can appropriately treat statements in briefs as binding judicial admissions of fact."). "[J]udicial admissions are proof possessing the highest possible probative value . . . [and] are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Shuler*, 441 F. App'x at 718-19 (quoting *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106, 34 F.T.C. 1800 (5th Cir. 1941)). "A

party cannot avoid the consequences of the acts or omissions of his voluntarily selected 'lawyer-agent.'" *Id*. at 19 (quoting *Link v. Wabash R.R. Co*., 370 U.S. 626, 633-34 (1962)). In *Shuler*, the Eleventh Circuit determined it was appropriate for the district court to bind plaintiffs to admissions made in their briefings and that plaintiffs' argument that they "should not be held responsible for their former attorneys' admissions in their opposition brief is without merit because a litigant is generally bound by all acts and omissions of his attorney." *Id*. at 719 (citing *Link*, 370 U.S. at 633-34).

During the Hearing, the Debtor's counsel was unable to provide any authority, or justification, why the Debtor should not be bound by its judicial admission that the Creditor's Motion establishes that the Company infringed. Given that the Debtor has not provided a sufficient reason why he should not be bound by this admission, the Court finds that the same rational in *Shuler* is applicable here. Accordingly, the Court finds that the Debtor's own admission means that there is no disputed issue of material fact that the Company infringed the Creditor's trademark rights. Accordingly, the Motion is **GRANTED**.

# # #

Copy furnished to:
*Clay Taylor, Esq.*
**DENTONS US LLP**
Clay M. Taylor
Texas Bar No. 24033261
*Clay.taylor@dentons.com*
100 Crescent Circle, Suite 900
Dallas, Texas 75201
Tel: (214) 259-0900
Fax: (214) 259-0910
**Counsel for Vulcan Arms, LLC**

*Attorney Taylor is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.*