*Tagged opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on August 25, 2025.**

**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourt.gov

In re:

DOMENICO DI CAMPO FALCHINI,

    Debtor.
_____/

CASE NO.: 24-10973-LMI
Chapter 13

**ORDER GRANTING VULCAN ARMS, LLC'S MOTION FOR SUMMARY JUDGMENT
REGARDING DEBTOR'S PERSONAL LIABILITY**

    This matter came before this Court on June 17, 2025 (the "Hearing") on Creditor Vulcan Arms, LLC's ("Creditor" or "Vulcan Arms") *Motion for Summary Judgment Regarding Debtor's Personal Liability* (ECF #138) (the "Motion"). The Court has considered the Motion, the Response[1] filed by the Debtor Domenico Di Camp Falchini (the "Debtor" or "Falchini"), the

---

[1] *Debtor's Response to Creditor Vulcan Arms, LLC's "Vulcan Arms, LLC's Motion for Summary Judgment Regarding Debtor's Personal Liability" ECF #138); "Vulcan Arms, LLC's Motion for Summary Judgment Regarding Trademark Infringement Damages" (ECF #139); and "Vulcan Arms, LLC's Motion for Summary Judgment Regarding Infringement "* (ECF #140) and *Incorporated Motion to Strike* (ECF #147) (the "Response").

Creditor's Reply[2] as well as the arguments presented during the Hearing. Based on the foregoing, and the reasons set forth herein, the Creditor's Motion is **GRANTED**.

The Debtor filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code on January 31, 2024. At the time the bankruptcy case was filed, the Debtor and the Creditor were embroiled in trademark infringement litigation before the United States District Court for the Northern District of Texas (the "District Court Litigation").[3] The Creditor filed a proof of claim[4], initially in an unspecified amount, but amended to $43,165,425.38 in damages (the "Claim") based on the Debtor's personal liability for trademark infringement by his company Pilotnavia, LLC d/b/a Prepcision, LLC (the "Company"). The Debtor objected to the Claim[5] as not enforceable against the Debtor individually and speculative in nature. The Creditor filed three motions for summary judgment – one with respect to infringement, one with respect to the Debtor's personal liability for the infringement, and one for damages caused by the alleged infringement. This Order will address the motion for summary judgment regarding personal liability.[6]

Summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a)[7]; *Davis v. Fort Bend Cty*., 765 F.3d 480, 484 (5th Cir. 2014). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). There is "no issue for trial

---

[2] *Creditor Vulcan Arms, LLC's Reply to Debtor's [Consolidated] Response (ECF #147) to Creditor Vulcan Arms, LLC's Motions for Summary Judgment Regarding Debtor's Personally Liability (ECF #138), Damages (ECF #139), and Infringement (ECF #140) [sic]* (ECF #148) (the "Reply").
[3] *Vulcan Arms, LLC v. Prepcision, LLC, et al*., Case No. 3:22-cv-00729-L (N.D. Tex.).
[4] Claim No. 3-2.
[5] Amended Objection to Amended Claim on Shortened Notice (ECF #100).
[6] The Court has already denied the Vulcan Arms, LLC's Motion for Summary Judgment Regarding Trademark Infringement Damages (ECF #139). See *Order Denying Vulcan Arms, LLC's Motion for Summary Judgment Regarding Trademark Infringement Damages* (ECF #180**)**. A separate order addresses *Vulcan Arms, LLC's Motion for Summary Judgement Regarding Infringement* (ECF #140).
[7] Made applicable to this case by Fed. R. Bankr. P. 7056.

unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249-50. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonable find for the [non-moving party]." *Id*. at 252.

In the District Court Litigation, the Creditor alleged that the Debtor was liable in his personal capacity for, inter alia, federal trademark infringement, federal false designation of origin, unfair competition, counterfeiting, and Texas common law trademark infringement, unfair competition, and false designation of origin. As the Claim is based on the same facts alleged in the District Court Litigation, the issue of the Debtor's personal liability is framed by Supreme Court and Fifth Circuit precedents.

"A corporate officer may be personally liable for trademark infringement when an individual performs the act or does the things that the … trademark law protects against." *Virtuoso, Ltd. v. Web Deals Direct*, 2021 U.S. Dist. LEXIS 38653, at *12-13 (N.D. Tex. 2021) (citing *Taylor Made Golf Co., Inc. v. MJT Consulting Group, LLC*, 265 F. Supp. 2d 732, 746 (N.D. Tex. 2003)). A manager or other corporate officer of a limited liability company "may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation. This is true in trademark infringement and unfair trade practice cases." *John Crane Prod. Solutions, Inc. v. R2R & D, LLC*, 2012 U.S. Dist. LEXIS 63164, at *10-11 (N.D. Tex. May 4, 2012) (citing *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987); *Peaceable Planet, Inc. v. Ty, Inc.*, 362 F.3d 986, 994 (7th Cir. 2004); *Burberry Ltd. v. Euro Moda, Inc.*, 2009 U.S. Dist. LEXIS 53250, at *53 (S.D.N.Y. June 10, 2009); *see also Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19 (5th Cir. 1968) (reversing lower court's decision to dismiss the

proceedings against the individual defendants based on the improper assumption that it would require piercing the corporate veil).

Texas law requires that to impose individual liability on an officer or director of a corporate entity the individual must be an "active mover" of the purported infringement. *Luxottica Grp., S.P.A. v. Ochoa's Flea Mkt., LLC*, 2022 U.S. Dist. LEXIS 49373 (S.D. Tex. Mar. 21, 2022); *GC Holistic, LLC v. Sublime Smoke & Vape, LLC*, 2024 U.S. Dist. LEXIS 56531 (E.D. Tex. Mar. 12, 2024) ("[A] corporation officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity is personally liable for such infringement.").

Up until the filing of a late affidavit, which the Court will address below, the Debtor acknowledged that he was a manager and control person of the Company during the alleged infringing activity. *See, e.g.,* the Amended Objection to Claim (ECF #100) (acknowledging that the Company was "owned, managed, and operated in whole or in part by the Debtor"); Debtor's Reply to Response ¶ 2 (ECF #102) ("Falchini is a Manager of the named limited liability company, Pilotnavia, LLC.").

In addition, in support of the Motion, the Creditor included several interrogatory responses dated February 24, 2023, that were produced during the District Court Litigation. The interrogatory responses were personally authenticated under the penalty of perjury by the Debtor. In the interrogatory responses, the Debtor admits that (1) he was one of the two "persons who were [sic] responsible" for the conception, creation, drafting, selection, and adoption of the Prepcision QuickDraw and Prepcision QuickMag marks (the "Infringing Marks"), which are the alleged infringing marks on the QUICKDRAW and QUICKMAG marks; and (2) he participated in or was responsible for the marketing and advertising of the Infringing Marks.

Debtor admitted to being personally involved in the creation of a video advertisement that was posted on YouTube that not only advertised the Infringing Marks, but also allegedly featured snippets of the Creditor's own advertising incorporated into the Company's marketing video.

Well after the deadline for the Debtor to submit anything in defense of the Motion, the Debtor filed a late affidavit purporting to contradict the answers in the interrogatories and the statements in the pleadings referenced above regarding the Debtor's role in the alleged infringing activity. The Court entered an order striking the affidavit for both being untimely and as a "sham affidavit".[8]

Based on the foregoing, the Court finds that the Creditor has sufficiently demonstrated that there is no disputed issue of material fact, that is, that Debtor directed, controlled, ratified, and participated in the Company's infringing activity and can be held liable as a matter of law for said infringement.

Accordingly, it is hereby **ORDERED** that the Creditor's Motion is **GRANTED.**

# # #

Copy furnished to

*Clay Taylor, Esq*
**DENTONS US LLP**
Texas Bar No. 24033261
*Clay.taylor@dentons.com*
100 Crescent Circle, Suite 900
Dallas, Texas 75201
Tel: (214) 259-0900
Fax: (214) 259-0910
*Counsel for Vulcan Arms, LLC*

(Attorney Taylor is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.)

---

[8] *Order Granting Vulcan Arms, LLC's Motion to Strike Debtor's Sham Affidavit for Being Untimely and Impertinent* (ECF #190).